UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**RANDY HOAGLIN**

                       Petitioner,

       v.                                        5:04-CV-1067 (HGM/GHL)

**UNITED STATES OF AMERICA**

                       Respondent.
_____

**APPEARANCES:**                               **OF COUNSEL:**

RANDY HOAGLIN
*Pro Se*
11297-052
FCI-Fairton
P.O. Box 420
Fairton, NJ 08320

GLENN T. SUDDABY                       LISA M. FLETCHER
United States Attorney                  Assistant United States Attorney
Northern District of New York
Attorneys for Respondent
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**HOWARD G. MUNSON**
**Senior United States District Judge**

**MEMORANDUM - DECISION AND ORDER**

       Currently before the Court is Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set

aside or correct his sentence on the grounds that: (1) his sentence enhancement, based on facts not

presented in the indictment or to a jury, violated his constitutional rights and (2) the Federal

Sentencing Guidelines are unconstitutional. For the reasons that follow below, Petitioner's motion

is DENIED.

**BACKGROUND**

In or about 2001, Petitioner, Randy Hoaglin, entered into an agreement with Jane Currie-Myers ("Currie-Myers") to manufacture and distribute methamphetamine.  Dkt. No. 5, Ex. A at ¶ 4(a).  As part of their agreement, both Petitioner and Currie-Myers purchased the necessary equipment and ingredients to manufacture methamphetamine.  Id. at ¶ 4(b).  Petitioner also obtained ingredients from third parties to advance the conspiracy.  Id.  Once Petitioner and Currie-Myers had the requisite equipment and compounds, they manufactured methamphetamine in isolated locations within the Northern District of New York and distributed it to people in Cayuga and Tompkins Counties. Id. at ¶ 4(c),(d).  On February 5, 2002, after obtaining consent from Currie-Myers, officers searched a hotel room in which Petitioner and Currie-Myers were staying and recovered a quantity of methamphetamine and related materials necessary to produce additional methamphetamine.  Id. at ¶ 4(h).  During his participation in the conspiracy, Petitioner was responsible for fifty grams or more of substances containing amounts of methamphetamine.  Id. at ¶ 4(i).

On April 3, 2003, Petitioner entered into a plea agreement with the Government, which stipulated a base offense level of twenty-eight; a level consistent with accountability for more than 200 but less than 350 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers.  Id. at ¶ 7(a).  The agreement provided a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) if Petitioner demonstrated "acceptance of responsibility" for the offense of conviction through the time of sentencing.  Id. at ¶ 7(b).  The plea agreement also provided that Petitioner withdraw his previous plea of "Not Guilty" and enter a plea of "Guilty" to Count One of the indictment, which charged him with conspiracy to manufacture, distribute, possess with intent to distribute and aid and abet the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846.  Id. at ¶ 1(a).  As stated in the plea

agreement and understood by Petitioner, a "Guilty" plea to Count One of the indictment subjected

him to a five to forty year term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). Id. at ¶ 2(a)-

(b). The plea agreement also contained a paragraph titled "Waiver of Appeal and Collateral Attack,"

which stated, "[t]he defendant waives any and all rights, including those conferred by 18 U.S.C. §

3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of

imprisonment of eighty-seven months or less, including any related issues with respect to the

establishment of the Sentencing Guidelines range." Id. at ¶ 12.

Petitioner was sentenced on September 23, 2003, to a term of seventy-months imprisonment

and four-years supervised release, and judgment was entered on October 22, 2003. Dkt. No. 5,

Resp't Mem. of Law at 2. Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on September 13,

2004. Dkt. No. 1,  Pet'r Mot.  Petitioner has not filed a Notice of Appeal or direct appeal and has

not claimed ineffective assistance of counsel.  Dkt. No. 5, Resp't Mem. of Law at 2-3.

## DISCUSSION

### I.    Procedural Arguments

#### A.    *Waiver of Right to File a § 2255 Motion*

"A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines

range generally is enforceable." United States v. Garcia, 166 F.3d 519, 522 (2d Cir. 1999); United

States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997) (citing United States v. Maher, 108 F.3d 1513, 1531

(2d Cir. 1997); United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir. 1994); United States v.

Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam); United States v. Rivera, 971 F.2d

876, 896 (2d Cir. 1992)).  One benefit of a plea agreement, including the waiver of a right to appeal,

to the Government "is freedom from having to address post conviction arguments." Latham v.

United States, 164 F.Supp.2d 365, 367 (S.D.N.Y. 2001) (explaining the Government's benefit of a

plea agreement was denied when defendant petitioned pursuant to 28 U.S.C. § 2255 in violation of

his plea agreement).  Courts have recognized the importance of a waiver provision, noting that the Government's motivation for such waivers, namely decreased effort and expense of litigation, is not properly achieved if the "defendant is permitted to appeal that to which he has agreed." Rosa, 123 F.3d at 97.  When a defendant who "knowingly and voluntarily waived the right to appeal a certain sentence" then appeals the sentence, he renders "the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

While a defendant's waiver of appeal is generally enforceable, Garcia, 166 F.3d at 522, there are certain circumstances where a waiver may not foreclose the right to appeal. United States v. Marin, 961 F.2d 493, 496 (2d Cir. 1992).  A waiver may be invalid if it waives the right "not to be sentenced on the basis of a constitutionally impermissible factor." Jacobson, 15 F.3d at 23. Additionally, a defendant's claim of ineffective assistance of counsel, a waiver into which the defendant did not enter knowingly and voluntarily, United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996), breach of the plea agreement by the Government, United States v. Gonzales, 16 F.3d 985, 990 (9th Cir. 1993), and a sentence imposed with an ethnic bias, Jacobson, 15 F.3d at 22-23, may overcome a waiver of appeal.  None of these circumstances exist here.  Petitioner does not allege that he entered into the agreement with ineffective assistance of counsel. Dkt. No. 5, Resp't Mem. of Law at 3.  Likewise, Petitioner does not claim that he unknowingly or involuntarily entered into the agreement.  Finally, there is neither a claim of ethnic bias by the Petitioner, nor evidence to support a claim of ethnic bias.  Therefore, Petitioner has not alleged any adequate grounds to dismiss his waiver to appeal.

Petitioner expressly gave up his right "to appeal or collaterally attack his conviction and any sentence of imprisonment of eighty-seven months or less." Dkt. No. 5, Ex. A at ¶ 12.  By signing the agreement, Petitioner acknowledged that "he fully understands the extent of his rights to appeal and/or to collaterally attack the conviction and sentence in this case." Id.  Because Petitioner's

sentence of seventy months falls well below the eighty-seven months stipulated to in the agreement, both his agreement to the plea and waiver of his right to appeal or collaterally attack his conviction bar him from appealing his seventy month sentence.

> ### B.     No Appeal

As a general rule, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States,  538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).  Here, Petitioner did not directly appeal his sentence and did not file a Notice of Appeal, Dkt. No. 5, Resp't Mem. of Law at 2, and therefore, is ineligible to file a 28 U.S.C. § 2255 motion.  In order to demonstrate cause for failing to raise an appeal, Petitioner must show prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1999).  Petitioner has shown neither prejudice nor actual innocence.  He admitted in his plea agreement that his participation in the conspiracy involved fifty or more grams of a mixture or substance containing a detectable amount of methamphetamine.  Dkt. No. 5, Ex. A at ¶¶ 3(c) and 10.  Therefore, his admission of guilt negates a showing of actual innocence and bars him from filing a 28 U.S.C. § 2255 motion.  Furthermore, Petitioner has not highlighted any evidence indicating prejudice against him, and therefore has not provided a basis for collateral review.  *See* United States v. Armstrong, 517 U.S. 456, 464-66, 134 L.Ed. 2d 687, 116 S.Ct. 1480 (1996) ("A defendant must make at least a credible showing of different treatment of similarly situated persons to establish a colorable basis for a finding of discriminatory effect and consequently to become eligible for discovery.").

## II.     The Merits

> ### A.     Sentence Enhancement

Petitioner claims the facts relied on by the Court were not proven to a jury, and thus violates Blakely v. United States, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  In Blakely, the

Supreme Court held that the defendant was denied his right to a jury trial when the judge assigned a sentence that exceeded the maximum sentence allowed by three months based on facts that were neither admitted by the defendant in the plea agreement, nor proven to a jury beyond a reasonable doubt. In United States v. Booker, the Supreme Court reapplied its Blakely holding to the United States Sentencing Guidelines. 543 U.S. 220, 245, 125 S.Ct. 738, 106 L.Ed.2d 621 (2005). Petitioner's reliance on Blakely is misplaced. First, Petitioner admitted in his plea agreement that the conspiracy in which he participated involved fifty or more grams of a mixture or substance containing a detectable amount of methamphetamine. Dkt. No. 5, Ex. A at ¶¶ 3(c). Since he admitted this fact in his plea agreement, there would be no need under Blakely to prove this fact to the jury beyond a reasonable doubt had Blakely been decided prior to Petitioner's sentencing on September 23, 2003. See Formisano v. United States, 2006 U.S. Dist. Lexis 18963, at *7 (S.D.N.Y. April 11, 2006) (finding that Petitioner's admission to the facts in his plea agreement contributed to the facts in the presentence report, thus providing the factual basis for the Court's decision, and did not present a Sixth Amendment violation). Second, the Court sentenced Petitioner to seventy-months imprisonment in accordance with 21 U.S.C. § 841(b)(1)(B)(viii), a duration that exceeds the statutory minimum available under the statute by a mere ten months. Petitioner's sentence is on the lower end of the sentencing range available under 21 U.S.C. § 841(b)(1)(B)(viii), which specifies a range of five to forty years imprisonment. Therefore, Petitioner's admission in his plea agreement was sufficient to justify the sentence the court imposed. See United States v. Brito, 2005 WL 3108182, at *4 (S.D.N.Y November 16, 2005) (finding that there was no sentence enhancement where Petitioner was sentenced with the statutory minimum pursuant to his admissions in his plea agreement).

   B.    *The Federal Sentencing Guidelines' Constitutionality*

   Petitioner claims that the Federal Sentencing Guidelines under which he was sentenced are

unconstitutional. At the time Petitioner filed his motion, the Supreme Court had not yet decided <u>Booker</u> and thus the Sentencing Guidelines under which Petitioner was sentenced were still mandatory in their application.  In <u>Booker</u>, the Supreme Court determined that the Sentencing Guidelines should be applied on an advisory basis and, therefore, their application is no longer mandatory.  543 U.S. 220, 125 S.Ct. 738, 106 L.Ed.2d 621.

The Second Circuit has held that <u>Booker</u> does not retroactively apply to situations where defendants have entered into enforceable waivers prior to the decision in <u>Booker</u>.  *See* <u>United States v. Haynes</u>, 412 F.3d 37, 38 (2d Cir. 2005) (holding that defendant's "appeal waiver is enforceable despite his preservation of the <u>Booker</u> error at sentencing. Because [defendant] does not and cannot challenge the validity of the underlying plea, his plea agreement bars the present appeal."); <u>United States v. Morgan</u>, 406 F.3d 135, 137 (2d Cir. 2005) (holding that an appeal waiver is enforceable and forecloses the right to appeal under <u>Booker</u> for defendant who entered into the plea prior to <u>Booker</u> and noting that "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."); <u>Guzman v. United States</u>, 404 F.3d 139, 140 (2d Cir. 2005) (holding "that Booker does not apply retroactively to cases on collateral review.").

"A new procedural rule applies retroactively only if it is a watershed rule implicating the fundamental fairness and accuracy of the criminal proceeding."  <u>Id.</u> at 142-143 (internal citations and quotations omitted).  This type of rule is one "that without which likelihood of an accurate conviction is seriously diminished." <u>Id.</u>  The rule established in <u>Booker</u> does not meet the watershed rule criteria because <u>Booker</u> altered the "degree of flexibility" that judges enjoy in administering Guidelines, a  process that they used prior to <u>Booker</u>.  <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005).

Because <u>Booker</u> did not establish a watershed rule, it is not applicable retroactively to the

facts here. Petitioner was sentenced on September 23, 2003 and his judgment was entered on October 22, 2003. Both events predate <u>Booker</u>, decided on January 12, 2005, by well over a year. Because the Second Circuit has consistently held that <u>Booker</u> does not retroactively apply to defendants who have entered into enforceable waivers prior to <u>Booker</u> and because Petitioner entered into a plea agreement with the Government on April 3, 2004, the Supreme Court's holding in <u>Booker</u> does not inure to Petitioner's benefit.

Accordingly, for the reasons stated above, petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is DENIED.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter including the parties' submissions and the applicable law, the Court hereby

**DENIES** Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence and **DISMISSES** his petition.

**IT IS SO ORDERED.**

Dated: August 8, 2006
Syracuse, New York

Howard G. Munson
Senior U.S. District Judge